IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JESSICA REYNOLDS,

        Plaintiff,

        v.

AIR LINE PILOTS ASSOCIATION
INTERNATIONAL,

        Defendant.

Case No. 2:24-cv-1422
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

This matter is before the Court on the Motion to Stay Discovery (ECF No. 10) filed by Defendant Air Line Pilots Association, International ("ALPA").  Plaintiff Jessica Reynolds has filed a Response (ECF No. 22), and ALPA has filed a Reply.  (ECF No. 31).  By Order dated May 8, 2024, the Court temporarily stayed discovery pending its consideration of the Motion to Stay.  (ECF No. 13.)  For the following reasons, the Motion to Stay Discovery (ECF No. 10) is **DENIED**.

**I.**

Briefly, Plaintiff, on behalf of herself and putative class members, filed her Complaint on March 28, 2024, against ALPA, the collective bargaining representative of the pilots of United Air Lines, Inc.  (ECF No.1.)  She alleges that ALPA, in negotiating the 2023 collective bargaining agreement, breached its duty of fair representation owed to her and other United Pilots who receive long-term disability benefits.  According to Plaintiff, the 2023 agreement included large benefits increases for pilots eligible for long-term disability on or after the 2023 effective date and for pilots previously on long-term disability for long COVID.  Plaintiff asserts,

however, that ALPA did not seek nor obtain any benefits increases for pilots like her who already were on long-term disability for other disabilities.  On July 9, 2024, Plaintiff filed an Amended Complaint.  (ECF No. 28.)

In its motion, ALPA argues that a stay of discovery is warranted for two reasons:  (1) it seeks to dismiss this action because this Court lacks subject matter jurisdiction and (2) it has moved to transfer venue to the Northern District of Illinois.  (ECF Nos. 23, 24, 31, 32.)   With respect to the matter of subject matter jurisdiction, in moving to dismiss, ALPA argues that Plaintiff's pending grievance, the denial of which currently is on appeal, makes her claim unripe.  According to ALPA, Plaintiff's pending grievance seeks the same relief as sought here – for Plaintiff to receive the benefits in the 2023 agreement, retroactive to the September 29, 2023, effective date.  Thus, ALPA asserts, if Plaintiff prevails in the pending grievance, this case will be moot.  For her part, Plaintiff contends that the grievance process is inherently futile such that this matter is ripe for resolution.  In opposing the motion to stay discovery, Plaintiff argues that the class relief sought here would not be resolved through the grievance process.   Moreover, Plaintiff argues that, grievance aside, because the dispute here falls within the definition of a "major dispute," the Court has subject matter jurisdiction.  Finally, Plaintiff contends that ALPA's venue challenge is not a sufficient basis on which to stay discovery.

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))).  The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a

determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting

*Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).  This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered."  *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

### III.

The Court concludes that ALPA has failed to demonstrate that a stay of discovery is warranted here.  Despite ALPA's efforts to distinguish the nature of its motions, its arguments fail for several reasons.

First, ALPA's venue motion asserting this Court's lack of personal jurisdiction does not weigh in favor of granting a stay. Courts in this District routinely hold that when discovery would proceed in a different forum a stay is not warranted.  *Ohio Valley Bank Co. v. MetaBank,* No. 2:19-CV-191, 2019 WL 2170681, at *3 (S.D. Ohio May 20, 2019) (citing cases).  ALPA argues that venue is proper in the United States District Court for the Northern District of Illinois.  Thus, any discovery taken while ALPA's venue motion is pending would be available for use if this Court transfers this case as ALPA requests.  And, because discovery in that court, as in this Court, would be subject to the Federal Rules of Civil Procedure, ALPA's argument that different rules and procedures will apply is wholly without merit.

The cases cited by ALPA where this Court has stayed discovery in the face of a personal jurisdiction challenge involve circumstances not present here.  For example, in *William Powell Co. v. Aviva Ins. Ltd.,* No. 1:21-CV-522, 2023 WL 5162654, at *7 (S.D. Ohio Aug. 11, 2023), merits discovery involving many decades of information had been requested.  In *Libertarian Party of Ohio v. Wilhelm*, No. 2:19-CV-2501, 2019 WL 4885876, at *2 (S.D. Ohio Oct. 3, 2019), discovery had been underway and the parties had demonstrated they were unable to proceed

4

without judicial intervention. In *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC,* No. 2:13-CV-1261, 2014 WL 1045994, at *2 (S.D. Ohio Mar. 17, 2014), the Court stayed merits discovery while permitting limited jurisdictional discovery to proceed. Here, discovery is not yet underway and, as noted below, ALPA's current claims of oppressive discovery are purely speculative.

ALPA's subject matter jurisdiction argument similarly fails to support a stay of discovery. This Court frequently has denied stays of discovery in the face of motions to dismiss for lack of subject matter jurisdiction. *See, e.g., Ohio ex rel. Yost v. Ascent Health Servs. LLC,* No. 2:23-CV-1450, 2023 WL 4836950, at *3 (S.D. Ohio July 28, 2023) (citing cases). In such cases, the Court typically determines whether the jurisdictional issue is "clear-cut" and likely to result in dismissal (which weighs in favor of a stay), or "fairly debatable" (which weighs against a stay). *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3 (S.D. Ohio Dec. 10, 2020). Without expressing any opinion as to the merits of ALPA's dispositive motion, a brief overview of the parties' briefing reveals that the situation here is more accurately viewed as fairly debatable, including with respect to the matter of ripeness specifically.

Finally, ALPA has not demonstrated that discovery will be particularly burdensome in this case. Defendant meagerly argues that it, as well as non-parties, "will be forced to engage in expensive discovery over a massive collective bargaining agreement in a case that is meritless on its face and pending in the wrong jurisdiction." (ECF No. 27 at 5.) But, as noted above, this argument, which is directed only to anticipated discovery, relies solely on speculation. Moreover, the Federal Rules of Civil Procedure provide other options for addressing Defendant's concerns short of a complete stay. And, notably, Defendant does little to demonstrate that a stay

5

of discovery will be of no consequence to Plaintiff.  At most, Defendant argues that "[t]his case seeks monetary damages . . . for alleged harm that has already occurred" as opposed to "impending irreparable harm."  (ECF No. 10 at 5.)  All in all, these factors, as presented on the current record, do not weigh in favor of a stay.

The Court also is not convinced that the particular status of this case as a putative nationwide class action weighs in favor of a complete stay.  Notably, other courts have declined to grant a complete stay of discovery in similar circumstances. *See, e.g., Udeen v. Subaru of Am., Inc.,* 378 F. Supp. 3d 330, 332 (D.N.J. 2019) (declining to enter a complete stay of discovery in putative nationwide class action but instead permitting limited discovery only on "core" issues); *Chapman v. McCabe Law Grp., P.A.*, No. 3:17-CV-193-J-25JBT, 2017 WL 2333710, at *1 (M.D. Fla. May 25, 2017) (denying stay of discovery in FDCPA putative class action where discovery had been stayed temporarily pending ruling on motion to stay and defendant argued that motion for judgment on the pleadings hinged on a purely legal issue).

### IV.

For the foregoing reasons, the Motion to Stay Discovery (ECF No. 10) is **DENIED**.  The Court will reschedule the Preliminary Pretrial Conference in this case by separate notice.

**IT IS SO ORDERED.**


**Date:  September 24, 2024**               */s/ Elizabeth A. Preston Deavers*
                                            **ELIZABETH A. PRESTON DEAVERS**
                                            **UNITED STATES MAGISTRATE JUDGE**